UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VIZANDRI DELACRUZ, JOSE DELEON and
MANUEL PARA,

                        Plaintiffs,

          -against-

THE CITY OF NEW YORK, ASIM SHEIKH,
ELVIN PICHARDO, PETER JOHNSON, TERRENCE
BLUMENBERG, ELVIS DELACRUZ,
JOHN AND JANE DOES 1-5

                        Defendants.
-------------------------------------------------------------------x

**FIRST AMENDED
COMPLAINT**

Jury Trial

15 CV 7374 (AT)

        Plaintiffs VIZANDRI DELACRUZ, JOSE DELEON and MANUEL PARA (hereinafter "Plaintiffs") by and through their attorneys, Vik Pawar, Esq., and Robert Blossner, Esq. respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

        2.     The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the First, Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7.    Plaintiffs are citizens of the United States, and at all relevant time resident in the County of New York, State of New York.        8. Defendant City of New York is a municipality formed within the laws and constitution of the State of New York.

9.    Defendants ASIM SHEIKH, ELVIN PICHARDO, PETER JOHNSON, TERRENCE BLUMENBERG, ELVIS DELACRUZ and John and Jane Does are/were officers at the 34th precinct of the NYPD at the time when plaintiffs' claims arose. The individual defendants are/were part of a special unit that is formed to combat drug crimes within the confines of the 34th precinct. They are sued in their individual, supervisory and official capacities.

## FACTS

10.    On October 25, 2014, at approximately 12:30 pm, plaintiff DeLacruz (a minor at the time of the incident) was standing in the vicinity of Arden Street in the County of New York, when she was arrested by defendant Sheikh based on an alleged observation by defendant Pichardo.

11.     DeLacruz was violently yanked form the sidewalk, thrown against the ground and had her hands tightly handcuffed which restricted blood-flow and cause her unnecessary pain.

12.     DeLacruz was brought to the precinct and held for more than 7 hours before being released with a desk appearance ticket.

13.     Delacruz was forced to appear in court numerous times to address these false allegations.

14.     On October 25, 2014, around 12:30 pm, plaintiff DeLeon was standing in the vicinity of Arden Street in the County of New York, when he was arrested for possession of marijuana by defendant Sheikh based on alleged observations made by defendants DeLacruz and Pichardo.

15.     DeLeon was falsely charged with criminal sale and possession of marijuana.

16.     Deleon was transported to the 34th precinct where he was subjected to unlawful and unnecessary strip-search which included anal cavity search.

17.     Deleon was then transported to central booking where he spent more than 40 hours in jail before he was released.

18.     DeLeon was forced to appear in criminal court many times for these false charges.

19.     On March 12, 2015, the false charges against him were dismissed on the motion by the DA's office.

20.     On July 27, 2014, at approximately 8 pm, plaintiff Parra was in the vicinity of Arden Street in the County of New York when he was arrested by defendant Johnson based on an alleged observation by defendant Blumenberg.

21.     Parra was transported to the 34th precinct where he was subjected to unlawful and unnecessary strip-search which included anal cavity search.

17.     Parra was then transported to central booking where he spent more than 40 hours in jail before he was released.

18.     Parra was forced to appear in criminal court many times for these false charges.

19.     On May 13, 2015, the false charges against him were dismissed on the motion by the DA's office.

### AS AND FOR A FIRST CAUSE OF ACTION(Unlawful search/Excessive use of force/false arrest-Fourth Amendment)

20.     Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

21.     Defendants had no reason to search and arrest the plaintiffs.

22.     Yet, all Plaintiffs were yanked, thrown and arrested on false charges on the foregoing dates.  Plaintiff Delacruz was targeted by defendants Pichardo and Sheikh. Plaintiff Deleon was targeted by defendants Sheikh, Delacruz and Pichardo.  While plaintiff Para was targeted by defendants Johnson and Blumenberg.

23.     Defendants Pichardo and Sheikh used excessive force and assaulted plaintiff Delacruz and falsely arrested her.  Defendants Sheikh, Delacruz and Pichardo used excessive force and assaulted plaintiff Deleon and falsely arrested him.  Defendants

Johnson and Blumenberg used excessive force and assaulted plaintiff Para and falsely arrested him.   Defendants Sheikh, Delacruz, Pichardo, Johnson and Blumenberg also subjected plaintiffs Deleon and Para to unnecessary and intrusive strip-search.

24.     As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be under the Fourth and Fourteenth Amendments were violated.

### AS AND FOR A SECOND CAUSE OF ACTION(Deprivation of Rights under14[th] Amendment-Due Process/Mal.Pros.)

25.     Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26.     The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiffs and was in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

27.     Plaintiff Delacruz was targeted by defendants Pichardo and Sheikh Defendants initiated false and baseless proceedings against plaintiffs.   Plaintiff Deleon was targeted by defendants Delacruz and Pichardo. Plaintiff Para was targeted by defendants Johnson and Blumenberg.

28.     Defendants Pichardo, Sheikh, Delacruz, Johnson and Blumenberg knew that if they forwarded the false, unreliable and fabricated information to the DA's office, plaintiffs would be prosecuted.  The fabrication included defendants accusing plaintiffs of having marijuana on their possession and that each of the plaintiffs was observed smoking a marijuana cigarette or that the plaintiffs engaged in sale and or possession of marijuana.

29.     Yet these individual defendants never retracted their false paperwork and continued the prosecution based on malice.  Defendants knew plaintiffs would have to appear before a judge on numerous occasions.  Defendants never showed for court to testify on their individual/joint criminal court complaints fully aware that the plaintiffs were present each and every time under the threat of arrest to prove their innocence.

30.     The criminal proceedings were terminated in plaintiffs Delacruz, Deleon and Para's favor.

31.     As a result of the foregoing, Plaintiffs were deprived of their rights secured under the Constitution.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

32.     Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33.     Defendants Pichardo, Sheikh, Delcruz, Johnson and Blumenberg had no probable cause to arrest any of the plaintiffs.

34.     These Defendants relied on false information provided by each other.

35.     Defendants falsely testified in the criminal court complaint that they had observed plaintiffs committing a crime.

36.     Defendants observations were illusory and not based on actual facts but rather fabricated version of the events.  Defendants lied about the fact that plaintiffs had marijuana on them and that each of the plaintiffs was observed smoking a marijuana cigarette or that the plaintiffs engaged in sale and or possession of marijuana.

37.    Yet they fabricated the charges against all plaintiffs, detained all plaintiffs and strip-searched plaintiffs Deleon and Para and forwarded the fabricated information to the DA's office.

38.    The DA's office realizing the untrustworthiness of the charges against plaintiffs in all incidents, declined to prosecute.

39.    The false fabricated charge denied plaintiffs the right to a fair trial or a hearing.

40.    As a result of defendants' conduct, plaintiffs suffered constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal and Supervisory Liability)

41.    Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, and practice.

43.    The aforementioned customs, usages, and practices of the City and Police Department included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process to simply generate overtime and quotas.  In addition, the City and Police Department were deliberately indifferent when they engaged in a custom or practice of inadequate training, disciplining and supervising its employees.

44.    Defendants superior officers (John and Jane Does) whose duty it was to review and screen all arrests for propriety upon presentation by the individual defendants seeking to make an arrest routinely ratified such arrests without questioning the facts

underlying same allowing the individual defendants to continue to engage in the violation of plaintiffs' constitutional rights as described herein.

45.     Individual defendants routinely file false charges against innocent individuals to justify their need to make quotas or overtime.  The individual defendants are from the same precinct, same unit and a group of police officers that engage in similar constitutional violations.  These individual defendants use the same *modus operandi* to make false arrests of minorities without probable cause and fabricate evidence to violate rights of individuals similar to plaintiffs and to achieve their goal of quotas, overtime and appease the defendants John and Jane Does policymakers and supervisors within the confines of the 34th precinct.

46.     Defendants John and Jane Does supervisors and the policy makers of the NYPD know that the individual defendants often arrest minority citizens for alleged violation of possession of marijuana.  This scenario gives defendants a choice of either making an arrest or simply allowing the minority citizens to walk away.  However, the incentives to the individual defendants (generate overtime, make quotas, and to appease the NYPD supervisors and brass that they are doing something about crime in the 34th precinct) prevent the individual defendants to act in a lawful manner (to make an arrest even in absence of probable cause) and that unlawful arrest leads to deprivation of plaintiff's rights.   The foregoing customs and practices have resulted in multiple judgments against the City involving lawsuits that contain similar facts and allegations.

47.     Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after an arrest is made. As a result of the failure of the City and Police

Department through John and Jane Does to properly train, discipline, and supervise the individual Defendants, Defendants have tacitly authorized and the acts and conduct complained of herein

48.     The foregoing acts by the individually named and John and Jane Doe were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(42 U.S.C. 1981)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

50.     Defendants targeted Plaintiffs and falsely accused them of crimes because of their race, ethnicity and color.

51.     Defendants intentionally discriminated against plaintiffs and in so doing denied that the full and equal benefits and equal protection under the laws.

52.     As a result of these actions, Plaintiffs suffered injuries.

**WHEREFORE,** the Plaintiffs request that this Court:

a.  Award compensatory damages to each Plaintiff against the Defendants, jointly and severally, in the amount of ONE HUNDRED THOUSAND DOLLARS for each cause of action;

b.  Award the costs of this action to the Plaintiff.

c.  Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d.  Award punitive damages in an amount determined by the jury; exceeding the jurisdictional limits of all lower courts.

e.  Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York February 5, 2016
    PAWAR LAW GROUP P.C.

20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: 

Robert Blossner (RB0526)
Vik Pawar (VP9101)
*Attorneys for Plaintiff*